UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PEOPLE OF STATE OF MICHIGAN,

    Plaintiff,

v.

    Case No. 10-13629
    Hon. Lawrence P. Zatkoff

ANDRE D. WEST,

    Defendant/Counter-Claimant,

v.

PEOPLE OF STATE OF MICHIGAN,
and JOHN DOE, unknown Actors of 46 Judicial
District, Agent/Officer A, B, and Lt. C of
the City of Southfield

    Counter-Defendants.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on October 21, 2010.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

On September 13, 2010, Andre West ("Defendant") removed the cause of action filed by the State of Michigan against him in Oakland County District by his notice of removal [dkt 1]. At the same time Defendant filed a counter-claim [dkt 2], and an application to proceed *in forma pauperis* [dkt 3]. For the following reasons, Defendant's request to proceed *in forma pauperis* is GRANTED,

but the Court REMANDS the cause of action filed by Plaintiff against Defendant and DISMISSES WITHOUT PREJUDICE Defendant's counter-claim.

## II. ANALYSIS

### A. Application to Proceed *In Forma Pauperis*

Defendant has filed an application to proceed without prepayment of fees. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." The reference to assets of "such prisoner" is likely a typographical error; thus, § 1915(a) applies to all natural persons. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997). If a motion to proceed without prepayment of fees is filed and accompanied by a facially-sufficient affidavit, the Court should allow the complaint (or, in this action, counter-complaint) to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Only after the complaint (counter-complaint) is filed is it tested to determine whether it is frivolous or fails to state a claim. *See id.* at 261. The Court finds Defendant's financial affidavit facially sufficient; therefore, the Court GRANTS Defendant's request to proceed *in forma pauperis* [dkt 3].

### B. Removal

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." After reviewing Plaintiff's action, the Court finds that Plaintiff's cause of action against Defendant involving a traffic violation and bond forfeiture do not satisfy the Court's original jurisdiction. 28 U.S.C. § 1441(a) ("[A]ny civil

action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States."). The Court finds Plaintiff's action fails to properly invoke the Court's federal subject-matter jurisdiction. Accordingly, Plaintiff's action against Defendant is remanded for lack of federal subject-matter jurisdiction.

**C. Abstention**

Upon granting a party's request to proceed *in forma pauperis*, the Court performs a preliminary screening of the party's complaint (counter-complaint) under several provisions of the United States Code. Pursuant to 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. § 1997e(c)(1), before service on a defendant (counter-defendant), the Court must dismiss *sua sponte* the complaint (counter-complaint) if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant (counter-defendant) who is immune from such relief. The Court has a duty to construe a *pro se* litigant's pleadings liberally, *see, e.g.*, *Haines v. Kerner*, 404 U.S. 519 (1972), but in doing so, it will not re-write a deficient pleading or otherwise serve as counsel for that litigant. *See GJR Invs, Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Pursuant to the doctrine enunciated in *Younger v. Harris*, 401 U.S. 37, at 44-45 (1971), a federal court must decline to interfere with pending state proceedings involving state interests unless extraordinary circumstances are present. "*Younger* abstention applies when the state proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the [litigant] an adequate opportunity to raise constitutional claims." *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998); *see also Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

All three factors that support *Younger* abstention are present in this action. First, Defendant's counter-claim arises from a traffic violation issued by police for driving without a license, an action that is currently pending in a Michigan state court. Second, the traffic violation issued in the state court action implicated an important state interest, i.e., public safety on intrastate roadways. Third, there is no indication that the state proceeding does not afford an adequate opportunity for Defendant to raise his claims. Therefore, the Court finds that it must abstain from hearing Defendant's counter-claim to avoid interfering with the pending state court proceeding.

### **III. CONCLUSION**

Accordingly, the cause of action filed by Plaintiff against Defendant is hereby REMANDED to the Oakland County District Court and Defendant's counter-claim is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

                                                           s/Lawrence P. Zatkoff
                                                           LAWRENCE P. ZATKOFF
                                                           UNITED STATES DISTRICT JUDGE

Dated: October 21, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 21, 2010.

                                                           s/Marie E. Verlinde
                                                           Case Manager
                                                           (810) 984-3290